UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD W. DRINKARD,

        Plaintiff,

v.                              Case No. 3:05-cv-674-J-16HTS

MR. GILBERT, etc.; et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Richard W. Drinkard, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing an "Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order" (Doc. #1) on July 19, 2005, in which he states that Officer Gilbert physically assaulted him on July 8, 2005. Plaintiff does not clearly state the relief he seeks; however, he notes that he needs help.  Since it is clear that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06, Rules of the United States District Court for the Middle District of Florida, any request for injunctive relief will be denied.  Plaintiff's case will be dismissed with the right to refile, utilizing the enclosed civil rights complaint form and following the instructions contained within the form and within this Court's Order.

    Plaintiff has not utilized a civil rights complaint form and therefore has failed to inform the Court of his previous cases and

has failed to set forth the exhaustion of his administrative remedies in accordance with the instructions on the civil rights complaint form.  Further, while Plaintiff refers to an informal grievance against Officer Gilbert, it is difficult to decipher whether Plaintiff has initiated an informal grievance or whether Sergeant Campbell has agreed to investigate the alleged July 8, 2005, incident.  If Plaintiff chooses to refile, he must follow the instructions of the civil rights complaint form and include dates and times to clarify the alleged violations of his federal constitutional rights.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies.  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of

the relief offered through the administrative procedures).  In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

> In Alexander v. Hawk, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:
>
> > (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."
>
> 159 F.3d at 1327 (quoting Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705 (11th Cir. 1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him.

Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).  Thus, in Brown, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide.  It does not require him to provide information he cannot reasonably obtain[.]"  Id. at 1210.

Thus, because exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.

In refiling, Plaintiff should utilize the enclosed civil rights complaint form[1] and fully complete and file the enclosed Affidavit of Indigency form.  Further, Plaintiff must complete the administrative grievance procedures with respect to each issue against each named defendant.  Plaintiff's case should not have been filed without first exhausting his available administrative

---

[1] In fully completing and filing the civil rights complaint form, Plaintiff must follow the instructions on the form and inform this Court of his previously-filed cases.  Further, Plaintiff must fully inform the Court with respect to the exhaustion of administrative remedies.  The civil rights complaint form will assist Plaintiff in properly setting forth his claims and submitting grievances, responses and appeals that relate to the issues and Defendants in the case.

remedies with respect to the issues and with regard to each named Defendant.  Thus, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED:**

1. Plaintiff's July 19, 2005, Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. #1) is **DENIED.**

2. This case is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of Court shall enter judgment dismissing this case without prejudice.

4. The Clerk of Court shall send a Civil Rights Complaint Form and an Affidavit of Indigency form to Plaintiff.  If Plaintiff elects to refile his claims in a separate action after fully exhausting each claim against each Defendant, he may complete and submit these forms.  In refiling, Plaintiff should submit copies of all of the grievances, appeals, and responses in order to comply with the instructions to the civil rights complaint form and must fully exhaust all available administrative grievance procedures.  Plaintiff should not place this case number on the forms.  The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

5. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2005.

```
sc 7/19                              JOHN H. MOORE II
c:                                   United States District Judge
Richard W. Drinkard
```